**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2896-24

HAL TENDLER,

    Plaintiff-Appellant,

v.

RESORTS CASINO HOTEL,
DRAFT KINGS RESORTS
SPORTS BOOK,

    Defendant-Respondent,

and

JOSEPH CAVILLA, KEVIN
DUFFEY, and DENNIS COYLE,

    Defendants.

_____

Submitted May 20, 2026 – Decided July 6, 2026

Before Judges Paganelli and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2634-22.

Castellani Law Firm, LLC, attorneys for appellant (David R. Castellani, on the brief).

Cooper Levenson PA, attorneys for respondent (Russell L. Lichtenstein, Rebecca D. Winkelstein, and Katlin L. Trout, on the brief).

PER CURIAM

Plaintiff Hal Tendler appeals from an April 3, 2025 order that granted DGMB Casino, LLC d/b/a Resorts Casino Hotel[1] (defendant) summary judgment and dismissed his complaint with prejudice.[2] After conducting our de novo revie, we conclude summary judgment was properly granted and affirm.

We glean these undisputed facts from the summary judgment record. In May 2018, defendant hired plaintiff as a "Pit Boss." At the time, plaintiff was approximately sixty-three years old. After six months, plaintiff, then sixty-four years old, "was moved to oversee the Sportsbook at Resorts" Casino Hotel. At age sixty-five, plaintiff was promoted to "Sportsbook Manager." In 2019, Draft King Sportsbook replaced the Sportsbook. "Plaintiff became the sole manager

---

[1] In its answer to plaintiff's complaint DGMB Casino, LLC d/b/a/ Resorts Casino Hotel advised it was improperly pled as Resorts Casino Hotel, Draft Kings Resorts Sports Book.

[2] On December 13, 2022, the matter was "amicably adjusted" between plaintiff and defendants Joseph Cavilla, Kevin Duffey, and Dennis Coyle and dismissed with prejudice as to these defendants. These defendants are not participating in the appeal.

of Draft Kings Sportsbook[,] overseeing approximately thirteen people," including employees that were younger than him.

In that role, "he was the sole person responsible" for "ensuring the employees [he] oversaw . . . compl[ied] with the policies and procedures of both [defendant] and Draft Kings [Sportsbook] as well as the regulations . . . [under] the" New Jersey Casino Control Act (CCA), N.J.S.A. 5:12-1 to -233. In addition, plaintiff "understood that he would potentially be responsible if the employees under his supervision violated the Casino Control Commission [(CCC)] regulations." Plaintiff was "required to be personally familiar with the regulations that applied to . . . [Draft Kings] Sportsbook." Indeed, during his deposition, plaintiff acknowledged "the 'buck stopped' with him."

In October 2019, plaintiff underwent a performance evaluation. There were twenty-five evaluation categories; he received seven "outstanding," twelve "exceeding expectations," and six "meet[ing] expectations." (Alteration in original). Plaintiff received a raise following the "favorable evaluation."

In April 2021, defendant's accounting department conducted a surveillance review concerning fifty-one voucher redemptions that occurred "in a span of approximately eight to ten minutes." The original vouchers had been

3

created between July 2020 and March 2021. "The review concluded the employees were consolidating small unclaimed value vouchers by redeeming them and creating higher value vouchers." Plaintiff "acknowledged that vouchers expire after one year and by creating new vouchers, he was extending the expiration date of the vouchers." Plaintiff stated the "'unwritten policy' regarding unclaimed vouchers" "had been carried out since 2018." Other employees confirmed they were "instructed as to these practices by [p]laintiff." Plaintiff, at age sixty-six, was terminated "for violations of policy, procedures, and regulations." Plaintiff "was replaced by an individual approximately two years younger than" him. He "testified he d[id] not believe being replaced by an individual two years younger than him [wa]s discrimination."

Approximately six months after plaintiff's termination, the Division of Gaming Enforcement (DGE) filed an action against defendant "for its improper use of unclaimed Sportsbook tickets which was the subject of the" surveillance.[3] According to the DGE, plaintiff "admitted that he knew the Casino Revenue

---

[3] On the motion for summary judgment, plaintiff argued this evidence as hearsay that should not be considered by the court. The court rejected that argument. Because plaintiff did not brief the hearsay issue on appeal, we deem his hearsay argument waived. See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived on appeal.").

Fund was not properly receiving its share of expired tickets." The DGE and defendant settled the action by defendant paying a "civil monetary penalty and a . . . tax assessment to resolve the violations."

Plaintiff filed a two-count complaint against defendants. He claimed defendants had violated the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -50, because "his age was [a] substantial factor in the decision to terminate" him. Further, plaintiff alleged "the other managers, who are all younger than [him], and participated in the same conduct giving rise to [his] termination, ha[d] not been terminated for the handling of these vouchers, nor ha[d] they received any disciplinary action regarding the same."

After discovery, defendant moved for summary judgment. The court heard the parties' arguments, granted defendant summary judgment, and authored a written decision accompanying the order. The court applied the correct summary judgment standard and gave plaintiff all reasonable inferences of fact. The court found plaintiff had failed to establish a prima facie case of age discrimination under the NJLAD utilizing the framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The court found plaintiff had not satisfactorily performed his job because his "actions were in violation of the CCC as established by the DGE" and he had violated defendant's

5

policies. In addition, the court found plaintiff failed to establish "that his age played any significant role in the termination." In addition, for "completeness," the court found defendant "produced [evidence of] a legitimate, non-discriminatory reason for [p]laintiff's termination" and "[p]laintiff did not establish [d]efendant's reason for termination was a pretext or discriminatory" because "his subordinates were [not his] comparators."

On appeal, plaintiff argues the court erred in determining his comparators—younger employee supervisors—were not similarly situated to him, rather than leaving that disputed fact for the jury to determine. Plaintiff contends the court "specifically found . . . that these comparators . . . all committed the same conduct he was accused of and for which he was terminated" and "also found that [p]laintiff was 65 years old and that the comparator supervisors working with [p]laintiff were all 30 years old or younger." Thus, he asserts that despite the fact that he was the "only manager of the [Draft Kings S]portsbook" and "[t]he comparator employees . . . were all supervisor level employees" there was "evidence of pretext sufficient to reach a jury."

We review a trial court's order granting or denying "a motion for summary judgment de novo, applying the same standard used by the trial court." Samolyk

6

v. Berthe, 251 N.J. 73, 78 (2022) (citing Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019)). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

Under the Rule "[a]n issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid. Thus, when reviewing the grant of a motion for summary judgment, the appellate court considers "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"Where there is no material fact in dispute . . . '[an appellate court] must then decide whether the trial court correctly interpreted the law.'" N.J. Realtors v. Twp. of Berkeley, 479 N.J. Super. 379, 391 (App. Div. 2024) (quoting

7

DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013)) (internal quotation marks omitted). A trial court's legal analysis is "not entitled to any special deference." Rowe v. Bell & Gosset Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The LAD provides that "[i]t shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination . . . [f]or an employer, because of the . . . age . . . to discharge . . . from employment such individual or to discriminate against such individual . . . in terms, conditions, or privileges of employment." N.J.S.A. 10:5-12(a). Thus, "the statute prohibits . . . termination[] . . . based on age." Nini v. Mercer Cnty. Cmty. Coll., 202 N.J. 98, 114 (2010).

A "person claiming to be aggrieved by an unlawful employment practice or an unlawful discrimination . . . may initiate suit in [the] Superior Court." N.J.S.A. 10:5-13(a)(1). "An employee who commences an action seeking redress for an alleged violation of the LAD 'may attempt to prove employment discrimination by either direct or circumstantial evidence.'" Smith v. Millville Rescue Squad, 225 N.J. 373, 394 (2016) (quoting Bergen Com. Bank v. Sisler, 157 N.J. 188, 208 (1999)). "A case established through direct evidence is also

A-2896-24

referred to as either a 'Price Waterhouse case' or a 'mixed-motive case.'" Ibid. at n.3 (citing Price Waterhouse v. Hopkins, 490 U.S. 228, 277-78 (1989) (O'Connor, J., concurring)). Plaintiff does not allege a mixed-motive case.

Therefore, plaintiff must establish his case "through circumstantial evidence . . . referred to as a 'McDonnell Douglas case' or a 'pretext case.'" Ibid. (citing McDonnell Douglas, 411 U.S. at 802). The McDonnell Douglas framework "suppl[ies] a tool for assessing claims, typically at summary judgment." Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 340 (2020).

> Applying the McDonnell Douglas
>
> framework, a plaintiff must first prove a prima facie case of discrimination. Andersen v. Exxon Co., U.S.A., 89 N.J. 483, 492 (1982). To do so, a plaintiff must show that he or she (1) belongs to a protected class; (2) applied for or held a position for which he or she was objectively qualified; (3) was not hired or was terminated from that position; and that (4) the employer sought to, or did fill the position with a similarly qualified person. Ibid. The establishment of a prima facie case gives rise to a presumption of discrimination. Id. at 493.
>
> [Viscik v. Fowler Equip. Co., 173 N.J. 1, 14 (2002) (citation reformatted).]

Under the fourth element, we have held "[t]he focal question is not necessarily how old or young the claimant or his replacement was, but rather

whether the claimant's age, in any significant way, 'made a difference' in the treatment he was accorded by his employer." Petrusky v. Maxfli Dunlop Sports Corp., 342 N.J. Super. 77, 82 (App. Div. 2001). Our Supreme Court has noted that "courts have modified the fourth element to require a showing that the plaintiff was replaced with 'a candidate sufficiently younger to permit an inference of age discrimination.'" Sisler, 157 N.J. at 213 (quoting Kelly v. Bally's Grand, Inc., 285 N.J. Super. 422, 429 (App. Div. 1995)). However, in Reynolds, we held "the heightened standard utilized in reverse discrimination suits," as in Sisler, does not apply to "traditional age discrimination claim[s]." Reynolds v. Palnut Co., 330 N.J. Super. 148, 168 (App. Div. 2000); see also Young v. Hobart W. Grp., 385 N.J. Super. 448, 458-59 (App. Div. 2005) (where we recited both formulations but applied the "significant role in . . . termination" test where the "plaintiff was a member of a protected class"). Thus, here where we have a traditional age discrimination claim, the heightened standard is not utilized.

After a prima facie case is established, "[t]he burden then shifts to the defendant employer to rebut the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for the adverse employment action." Reynolds, 330 N.J. Super. at 167 (citing Andersen, 89 N.J. at 493). This is a

"burden of production—not [a] burden of proof or persuasion." Grande v. St. Clare's Health Sys., 230 N.J. 1, 19 (2017). The employer's articulation must be "taken as true," Mogull v. CB Commercial Real Estate Group, 162 N.J. 449, 471 (2000) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509 (1993)), and the court's evaluation of it during this second part of the McDonnell Douglas test "can involve no credibility assessment." Id. at 469 (quoting Hicks, 509 U.S. at 509).

"[T]he first two stages of a McDonnell Douglas test . . . require[s] findings of law." Id. at 472. The New Jersey Supreme Court has "recommend[ed] that the court should decide both [of] those issues." Id. at 473.

Once

> the defendant employer has sufficiently set forth a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff then has the burden of persuasion to show that the defendant's proffered reason is merely a pretext, i.e., that it was not the true reason for the employment decision. Andersen, 89 N.J. at 493. A plaintiff may accomplish this by showing that (1) a discriminatory reason more likely motivated the employer than the employer's proffered legitimate reason, or (2) the defendant's proffered explanation is "unworthy of credence." Texas Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 256 (1981).
>
> [Reynolds, 330 N.J. Super. at 168 (citations reformatted) (quoting Maiorino v. Schering-Plough Corp., 302 N.J. Super. 323, 346-47 (App. Div. 1997)).]

11

To prove pretext, however, a plaintiff must do more than simply show that the employer's reason was false; he must also demonstrate that the employer was motivated by discriminatory intent. See Erickson v. Marsh & McLennan Co. Inc., 117 N.J. 539, 561 (1990) (holding that an "employee can be fired for a false cause or no cause at all. That firing may be unfair but it is not illegal"). "[I]n answering the overarching question of whether the employer's proffered non-discriminatory reason for discharge was pretextual, the fact-finder . . . [must] consider the employee's performance or other qualities in light of the employer's subjective standards, including work ethic. In that respect, the employer's subjective decision-making may be sustained even if unfair." Viscik, 173 N.J. at 21 (citation omitted).

One method a plaintiff may use to establish that a defendant's purported "legitimate reason was only a pretext [i]s by proving disparate treatment." Catalane v. Gilian Instrument Corp., 271 N.J. Super. 476, 497 (App. Div. 1994). "A disparate treatment claim with regard to discipline requires comparison between the defendant's conduct toward plaintiff and other members of the protected class on the one hand, and similarly situated employees not within the protected class on the other." Jason v. Showboat Hotel & Casino, 329 N.J. Super. 295, 305 (App. Div. 2000). Questions regarding treatment of similarly

12

situated employees are for the jury.  See id. at 304.  "[T]he burden of proving that the employer intentionally discriminated remains at all times with the employee."  Grande, 230 N.J. at 19.

Applying this well-established law, under our de novo review, we consider the first prong of McDonnell Douglas, whether plaintiff established a prima facie case of age discrimination.  We note the trial court found plaintiff had not made a prima facie showing under the second or fourth elements.  Plaintiff has not briefed these issues, and therefore these issues are deemed waived.  See Alloway Twp., 438 N.J. Super. at 505-06 n.2.

Nevertheless, for completeness, and giving plaintiff every factual inference, we conclude plaintiff failed to make the prima facie showing under element two, because he did not "perform[] the job at the level that met the employer's legitimate expectations," Reynolds, 330 N.J. Super. at 167, or element four, that his age played a "significant role in . . . termination."  Young, 385 N.J. Super. at 459.  Plaintiff did not meet defendant's legitimate expectations because he participated in, and instructed others to participate in, a voucher redemption scheme that violated CCA's regulations.  DGE's complaint, filed after plaintiff's termination, and defendant's payment of a civil monetary penalty and tax assessment, underscore plaintiff's failures.

Further, plaintiff "was replaced by an individual approximately two years younger than" him, and he testified that "he d[id] not believe being replaced by an individual two years younger than him [wa]s discrimination." Under these circumstances, including the fact that plaintiff had recently received a positive evaluation and pay raise, plaintiff's age did not play a significant role in his termination.

Plaintiff argues he was entitled to have a jury determine his claim regarding the disparate treatment of similarly situated employees. However, this argument misses the mark, because having failed to establish a prima facie case, plaintiff's case does not reach a jury.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2896-24